UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EPPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARCHIE, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-00135-DAD-EFB (PC)<br><br><br>ORDER |

　　　　Plaintiff is confined to a state hospital and proceeds without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint (ECF No. 1) and an amended complaint (ECF No. 11), plaintiff has filed two motions for appointment of counsel (ECF Nos. 6 & 10) and an "attachment to amended complaint" (ECF No. 12).

<u>Requests for Appointment of Counsel</u>

　　　　District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.

---

[1] Findings and Recommendations were issued on February 16, 2023 (ECF No. 9), recommending that plaintiff's application for leave to proceed in forma pauperis be denied and that he be ordered to pay the filing fee. Plaintiff has now paid the filing fee (docket entry on March 13, 2023) and the matter is now moot.

1

*Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

The court screens plaintiff's amended complaint (ECF No. 11) because it supercedes the original complaint (ECF No. 1).  Plaintiff's claim arose while plaintiff was confined to California State Prison, Sacramento.  On October 15, 2021, plaintiff informed defendant correctional officer Archie that his cellmate had stopped taking his medication and was harassing him because he is a sex offender.  ECF No. 11 at 3.  Plaintiff asked Archie for a new cell and Archie denied his request.  *Id.*  Two days later, on October 17, 2021, plaintiff's cellmate hit him.  The bone around plaintiff's left eye was broken in three places and he had fractured vertebrae near his neck.  Plaintiff also names the Warden as a defendant, alleging that the "incident occurred on the warden's watch."  *Id.*  As discussed below, plaintiff fails to sufficiently allege that any defendant violated his Eighth Amendment rights by failing to protect him from an assault.  *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (concluding that failure to protect claim must be measured under deliberate indifference standard).

A showing of deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  Plaintiff alleges only that he informed Archie that his cellmate was "harassing" him.  Without more, plaintiff's vague complaint about his cellmate would be insufficient to alert Archie that plaintiff faced a substantial risk of serious harm.  In any amended complaint, plaintiff must allege specific facts demonstrating that he informed Archie that his cellmate posed a specific and substantial risk of harm to him and that Archie reacted with deliberate indifference.

/////

Further, plaintiff's claim against the Warden cannot survive screening. Plaintiff does not allege that the Warden knew that plaintiff's cellmate posed a safety threat to plaintiff, nor does he allege that the Warden acted with deliberate indifference to plaintiff's safety. Rather, plaintiff has named the Warden as a defendant simply because of his supervisory role, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For these reasons, plaintiff's amended complaint is dismissed with leave to amend.[2]

## Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

---

[2] After plaintiff filed the amended complaint, he filed an "attachment to amended complaint," containing additional allegations and a revised request for relief. ECF No. 12. To add, omit, or correct information in the operative complaint, however, plaintiff must file an amended complaint that is complete within itself. Filing separate documents that are intended to be read together as one is not the proper means of amending or supplementing a complaint. Accordingly, the attachment is disregarded.

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Conclusion

Accordingly, it is ORDERED that:

1. The February 16, 2023 findings and recommendations (ECF No. 9) are withdrawn as moot;
2. Plaintiff's application for leave to proceed in forma pauperis (ECF No. 7) is denied as moot;
3. Plaintiff's requests for appointment of counsel (ECF Nos. 6 & 10) are denied without prejudice;
4. Plaintiff's amended complaint (ECF No. 11) is dismissed with leave to amend within 30 days of service of this order;
5. The "attachment" to the amended complaint (ECF No. 12) is disregarded; and
6. Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

Dated: July 11, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5