UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EPPS,<br><br>   Plaintiff,<br><br> v.<br><br>ARCHIE,<br><br>   Defendant. | No. 2:23-cv-00135-DAD-EFB (PC)<br><br>ORDER |

  Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He again requests that the court appoint counsel. ECF No. 35.

  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered those factors, the court finds there are no exceptional circumstances in this case. Plaintiff states that he has been found incompetent in state court in 2011 and 2016. As the court has already informed plaintiff, to justify appointment of counsel based on health limitations, a plaintiff must present evidence documenting those limitations as well as evidence that the limitations significantly impair the plaintiff's ability to litigate the case. *Brown v. Reif*, No. 2:18-cv-01088 KJM CKD P, 2019 U.S. Dist. LEXIS 33310, at *6-8 (E.D. Cal. Mar. 1, 2019) (and cases cited therein). Plaintiff has not presented any evidence substantiating his claims of impairment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel (ECF No. 35) is denied without prejudice.

Dated: February 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE