UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EPPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARCHIE, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-00135-DAD-EFB (PC)<br><br>ORDER |

Plaintiff is confined in Atascadero State Hospital and proceeds without counsel in an action brought under 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at California State Prison, Sacramento. He has paid the filing fee. Since April 1, 2024, plaintiff has filed five amended complaints, sometimes accompanied by a motion seeking leave to amend his complaint. ECF Nos. 43, 46, 53, 56, 57, 59. Also pending are defendant's requests that the court screen plaintiff's amended complaint and revise the schedule. ECF Nos. 47, 50, 55. Plaintiff also seeks modification of the schedule to permit him to conduct further discovery. ECF No. 51.

**I.　　Motions to Amend**

Federal Rule of Civil Procedure 15 allows a party to amend a pleading only with the opposing party's consent or the leave of court where, as here, more than 21 days have elapsed after the service of a responsive pleading. Fed. R. Civ. P. 15(b). "The court should freely give

1

leave when justice so requires." *Id.* The court may deny leave to amend, however, where such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant filed a statement of non-opposition to plaintiff's motion to amend the operative second amended complaint, but has not filed a response to plaintiff's most recent amendments, filed on September 12, 2024 and September 20, 2024. ECF No. 45.

Plaintiff's most recent amended complaint (ECF No. 59), which is his sixth amended complaint, does not appreciably change the allegations of the second amended complaint, except for its addition of a Doe defendant who was allegedly involved in the incident that forms the basis of this lawsuit (an alleged failure to protect plaintiff from his cellmate). The court will therefore grant plaintiff's most recent motion to amend (ECF No. 56) and accept the sixth amended complaint as the operative pleading in this matter. As the sixth amended complaint supersedes all previously-filed complaints, plaintiff's previous motion to amend (ECF No. 43), defendant's request that the court screen the third amended complaint (ECF No. 47, 50), and plaintiff's motion to strike the fifth amended complaint filed at ECF No. 53 (ECF No. 54) are denied as moot.

The sixth amended complaint is screened in Section III, below.

**II.     Motions to Modify the Schedule**

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

Defendant seeks clarification of the schedule following plaintiff's many attempts to amend the complaint. ECF No. 55. Plaintiff seeks additional time to conduct discovery. ECF No. 51. As the court accepts plaintiff's most-recent amended complaint (see below), the court will grant these requests, vacate the current schedule, and issue a new scheduling order once the

court has received defendant's answer to the sixth amended complaint (or to the seventh amended complaint, should plaintiff seek to remedy the defects identified in the sixth amended complaint, below).

### III. Screening of the Most Recent Amended Complaint (ECF No. 59)

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

*Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In his sixth amended complaint, plaintiff sues Correctional Officer Archie, who has already been served and appeared, and a Doe defendant who was employed as a Lieutenant at CSP-Sac at the relevant time. ECF No. 59. Plaintiff alleges:

> On 10-15-21 when I went to get my medication standing by the med cart was C/O Archie and a med nurse. I informed Archie that my cell-mate Clifford Wingo had stopped taking his medication and was acting like he was going to hit [me] because of my commitment offense. Archie stated he could move me into cell 127 with a transgender but changed his mind and walked me down to the sally-port. While there a staff escort and the Lieutenant came to talk to me and I let them know that I was scared to go back in the cell with Wingo. So they let me look for another cell-mate and I found one. I was told a move would be made but I had to go back in the cell with Wingo. Archie had Wingo pack up all of his property and told us to wait. Wingo was suppose[d] to go to one block while the cell-mate I found was suppose[d] to move in with me. We waited for a few hours and 3rd watch came in and acknowledge[d] that a move was suppose[d] to be made but Archie canceled it. The weekend came and when I saw Archie again I asked him would the move still be made and he said no which seemed very frivolous and malicious. On 10-17-21 I was attacked by Wingo and I woke up the next day at U.C. Davis Medical Center. Wingo was charged with attempted murder.

*Id.* at 3, 5. These allegations continue to state a potentially cognizable Eighth Amendment claim against defendant Archie, but they do not state a cognizable claim against the Doe defendant Lieutenant. Plaintiff has not alleged any facts showing that the Doe defendant was deliberately indifferent to the risk of harm posed by Wingo; instead, the allegations are that the Doe defendant assisted plaintiff in finding a new cellmate. Plaintiff does not allege that the Doe defendant was involved in canceling the move or otherwise acted or failed to act in a manner showing deliberate indifference to the risk posed by plaintiff's cohabitation with Wingo.

Thus, plaintiff's claim against the Doe defendant must be dismissed. The court will grant plaintiff one further opportunity to amend the complaint, should plaintiff wish to attempt to cure the deficiencies in his claim against the Doe defendant. Plaintiff is not obligated to amend the sixth amended complaint; if plaintiff does not file an amended complaint within the time provided below, the case will proceed on plaintiff's claim against defendant Archie.

If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally

participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

### IV.     Summary of Order

For the foregoing reasons, it is hereby ORDERED that:

G. Plaintiff's September 12, 2024 motion to amend (ECF No. 56) is GRANTED, and the case shall proceed on plaintiff's sixth amended complaint (ECF No. 59), which supersedes all previously-filed complaints.

H. The motions appearing at ECF No. 43, 47, 50 and 54 are DENIED AS MOOT.

I. Plaintiff shall have 30 days from the date of this order to file an amended complaint to attempt to state a cognizable claim against the Doe defendant (lieutenant). Plaintiff is not obligated to amend the complaint.

J. The parties' requests to modify the schedule are GRANTED (ECF Nos. 51, 55). The

existing schedule (ECF No. 38) is VACATED.  Should plaintiff fail to file a seventh amended complaint by the deadline provided by this order, defendant shall respond to the sixth amended complaint (whether by answer or motion) within 21 days thereafter.  The court will issue a new scheduling order upon the filing of defendant's answer.

Dated: October 21, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE