UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EPPS, | No. 2:23-cv-00135-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| ARCHIE, et al., | |
| Defendants. | |

Plaintiff is confined in Atascadero State Hospital and proceeds without counsel in an action brought under 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at California State Prison, Sacramento ("CSP-Sac"). He has paid the filing fee. Currently before the court are several motions and two amended complaints.

**I.      Background**

Plaintiff alleges that defendant Archie, a correctional officer at CSP-Sac, failed to protect him from his cellmate in October 2021. ECF No. 60 at 4. Since the inception of this action, plaintiff has filed several amended complaints. On October 22, 2024, the court screened plaintiff's sixth amended complaint and gave plaintiff one further opportunity to amend to attempt to cure deficiencies in his claim against a Doe defendant, a correctional lieutenant plaintiff interacted with concerning changing cell mates on October 15, 2021. ECF No. 60. Plaintiff filed a seventh amended complaint on November 12, 2024. ECF No. 61. Shortly

1

thereafter, plaintiff filed two brief motions requesting that the court rule in his favor. ECF Nos. 62, 63. Defendant Archie filed an opposition to the motions and requested that the court screen the seventh amended complaint. ECF No. 64. Plaintiff then filed an eighth amended complaint. ECF No. 65. Defendant asks the court to strike the eighth amended complaint and to disallow further amendment. ECF No. 66.

### II. Plaintiff's Motions for the Court to "Render Verdict" in his Favor

The court construes plaintiff's two brief motions seeking judgment in his favor (ECF No. 62, 63) as motions for summary judgment under Federal Rule of Civil Procedure 56. As defendant rightly argues, plaintiff has not demonstrated that there is no genuine issue as to any material fact. ECF No. 64. Accordingly, these motions must be denied.

### III. Defendant's Motion to Strike the Eighth Amended Complaint

Where, as here, a responsive pleading has been filed, a party must obtain leave of court to amend the complaint, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Defendant argues that, while the court gave plaintiff leave to file the seventh amended complaint, the eighth amended complaint should be stricken because plaintiff did not obtain leave to file it.

Defendant is correct that plaintiff did not obtain leave to further amend the complaint. However, plaintiff did append to the eighth amended complaint a page captioned "Rule 15 Federal Rules of Civil Procedure" which states simply that the court should freely grant leave to amend when justice so requires. ECF No. 65 at 8. The court construes this document as a request for leave to amend.

In opposing defendant's motion to strike, plaintiff states that he has a psychiatric disorder and is confined at a state hospital. ECF No. 68. He states further that he does not intend to further amend the complaint after the eighth amended complaint and, that if the court denies the proposed amendment, he will be ok. *Id.*

Even considering plaintiff's psychiatric condition and state hospital confinement, the court finds that further amendment should not be granted. In the Ninth Circuit, courts consider five factors to determine whether to grant leave to amend under Rule 15(a)(2): (1) bad faith; (2) undue

delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended her pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The factors do not have equal weight, however: leave to amend may be denied solely on the basis of futility of amendment. *Id.*

Defendant argues that plaintiff's frequent and numerous amendments of the complaint cause undue delay and prejudice defendant, who cannot conduct meaningful discovery without a stable operative complaint. The court agrees. For the case to proceed, the parties must know the claims being asserted. In addition, while there is no indication of bad faith, amendment is futile: the proposed amended complaint does not materially change the allegations of the prior complaint. Accordingly, the court will deny leave to amend and grant defendant's motion to strike the eighth amended complaint.

**IV.    Screening of the Seventh Amended Complaint**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Accordingly, defendant's request that the court screen the seventh amended complaint is granted.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

////

3

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendants Archie, Doe No. 1 (an EOP Sergeant), and Doe No. 2 (an EOP staff escort) violated his Eighth Amendment rights by failing to separate him from his cellmate, who attacked him.  ECF No. 61.

Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id.*  "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff has stated facts sufficient to make out potentially cognizable failure-to-protect claims against defendants Archie and Doe No. 1 for purposes of § 1915 screening.[1]  Plaintiff has

---

[1] The court cannot serve the complaint on an unidentified defendant.  When plaintiff discovers the identity of Doe No. 1, he may seek the court's leave to amend the complaint to name this defendant.

not stated a cognizable claim against Doe No. 2. Plaintiff alleges that plaintiff told Doe No. 2 "of my cohabitation with Wingo" and that he "wanted a cell move," and that Doe No. 2 told him that the move would be accomplished the next day, but it was not. ECF No. 61 at 5. Unlike his allegations against the other defendants, plaintiff does not allege that he told Doe No. 2 that Wingo was behaving in a way that caused plaintiff to believe Wingo might attack him. The facts plaintiff does allege do not establish that Doe No. 2 knew of the risk Wingo posed to plaintiff.[2]

### V. Order and Recommendation

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's motion to strike the eighth amended complaint (ECF No. 66) is GRANTED, and plaintiff's request to amend the complaint (ECF No. 65 at 8, 67) is DENIED;

2. Defendant's request that the court screen the seventh amended complaint (ECF No. 64) is GRANTED;

3. For the purposes of screening, plaintiff's seventh amended complaint has stated potentially cognizable Eighth Amendment claims against defendants Archie and Doe No. 1. The case shall proceed on plaintiff's seventh amended complaint (ECF No. 61). The court will not entertain further motions to amend the complaint (beyond any amendment necessary to name Doe No. 1) absent a showing of extraordinary circumstances.

4. Plaintiff's April 17, 2025 motion asking the court to screen his amended complaint (ECF No. 71) is DENIED as moot.

It is further RECOMMENDED that:

1. Plaintiff's motions that the court render verdict (ECF Nos. 62, 63), construed as motions for summary judgment, be DENIED; and

2. Defendant Doe No. 2 be dismissed without further leave to amend, as plaintiff has failed to state a potentially cognizable claim against him over seven amended

---

[2] Plaintiff's proposed eighth amended complaint does not rectify this deficiency in plaintiff's claim against Doe No. 2.

5

complaints.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE