UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EPPS,<br><br>  Plaintiff,<br><br>  v.<br><br>ARCHIE, et al.,<br><br>  Defendants. | No. 2:23-cv-00135-DAD-EFB (PC)<br><br>ORDER |

Plaintiff is confined in Atascadero State Hospital and proceeds without counsel in an action brought under 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at California State Prison, Sacramento ("CSP-Sac"). He has paid the filing fee. He has filed a "request to add Doe defendant" (ECF No. 74) and a motion for appointment of counsel (ECF No. 76).

Plaintiff's request to add a Doe defendant does not describe the Doe defendant or why this individual should be added to the action. Instead, the body of the filing appears to be a request that the court reconsider ordering the appointment of counsel.

Plaintiff asks the court to appoint counsel due to his medical issues (traumatic brain injury and mental illness). Plaintiff states that he has trouble concentrating and organizing his thoughts. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances,

the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the record does not currently show exceptional circumstances as is required to appoint counsel.  It is too early in the case to evaluate plaintiff's likelihood of success on the merits.  Thus far, plaintiff has successfully his claims, which are based on established law that is not particularly complex.  A request for counsel based on disability "essentially makes the same argument that every pro se inmate can make—namely, that an attorney could or would handle the case better than he can." *Hoang Minh Tranh v. Gore,* 2013 WL 878771, at *3 (S.D. Cal. Mar. 8, 2013).  Although a lawyer is helpful to any litigant, to obtain appointment of counsel plaintiff "must show that because of the complexity of the claims he was unable to articulate his positions." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *aff'd en banc in relevant part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).  "The resources available to the court to appoint counsel to represent prisoners proceeding pro se are very limited." *Parker v. Lynch*, No. 2:23-cv-0754 DC CSK P, 2025 U.S. Dist. LEXIS 156901, at *5 (E.D. Cal. Aug. 12, 2025).  Because plaintiff has not shown that he is unable to articulate his positions in this litigation, he has not demonstrated exceptional circumstances.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to add Doe defendant (ECF No. 74) is DENIED;
2. Plaintiff's motion for appointment of counsel (ECF No. 76) is DENIED.

Dated: September 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE