UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EPPS,

Plaintiff,

v.

ARCHIE, et al.,

Defendants.

No. 2:23-cv-0135-DAD-EFB (PC)

ORDER

Plaintiff is confined in Atascadero State Hospital and proceeds without counsel in an action brought under 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at California State Prison, Sacramento ("CSP-Sac"). He has paid the filing fee. Currently before the court are a number of motions and an amended complaint.

## I. Background

Plaintiff alleges that defendant Archie, a correctional officer at CSP-Sac, failed to protect him from his cellmate on October 2021. ECF No. 60 at 4. Since the inception of this action, plaintiff has filed several amended complaints. On October 22, 2024, the court screened plaintiff's sixth amended complaint and gave plaintiff one further opportunity to amend to attempt to cure deficiencies in his claim against defendant Doe No. 2, a correctional lieutenant plaintiff interacted with concerning changing cell mates on October 15, 2021. ECF No. 60. Plaintiff filed a seventh amended complaint on November 12, 2024. ECF No. 61. Plaintiff then

filed an eighth amended complaint, which the court struck, finding that plaintiff's frequent and numerous amendments of the complaint were causing undue delay and prejudice to defendant. ECF No. 73. The court dismissed plaintiff's claim against defendant Doe No. 2 without further leave to amend for repeated failure to state a claim. ECF Nos. 72, 73. The court instructed plaintiff that he could seek to file an amended complaint to identify defendant Doe No. 1. ECF No. 72 at 4 n.1.

Defendant Archie filed an answer to the operative seventh amended complaint on September 22, 2025. ECF No. 78. Currently pending are: (1) plaintiff's motion to add Doe No. 2 to the action (ECF No. 79); (2) plaintiff's motions for a 30-day delay on any "final decision in this matter" (ECF Nos. 82, 83); (3) plaintiff's ninth amended complaint (labeled seventh amended complaint) (ECF No. 81); (4) defendant's motion to strike the ninth amended complaint and request for referral to the court's alternative dispute resolution (ADR) program (ECF No. 91); (5) plaintiff's motion that the court accept the ninth amended complaint (ECF No. 92) and (6) plaintiff's motion for counsel (ECF No. 95).

**II. Plaintiff's Motions**

Plaintiff's motion to add Doe No. 2 must be denied, as the court has dismissed plaintiff's claims against Doe No. 2 without further leave to amend due to repeated failure to state a claim against him. ECF No. 77.

Plaintiff's motions for either a temporary stay of this action or an extension of some unspecified deadline pending the resolution of plaintiff's filing with the California Government Claims Board will also be denied, because there are no pending deadlines nor is a final court decision imminent. In addition, as defendant notes, no state law claims have been pleaded in this action, thus plaintiff's claim before the board is irrelevant to the case.

The court will also deny plaintiff's motion for counsel for the same reasons stated in response to plaintiff's prior requests.

////

////

////

**III. Defendant's Motions**

Defendant asks the court to strike the ninth amended complaint because plaintiff has not obtained leave of court to file it. ECF No. 91. The court will grant the motion to strike for the same reasons it struck the eighth amended complaint and must consequently deny plaintiff's competing motion asking the court to accept and screen the ninth amended complaint (ECF No. 92). While plaintiff argues that the ninth amended complaint complies with the court's prior orders to amend solely to identify doe defendants, the court has explicitly dismissed Doe No. 2 without further leave to amend and plaintiff has nevertheless included this defendant in the ninth amended complaint. Should plaintiff wish to identify Doe No. 1, plaintiff must file a motion for leave to file an amended complaint with the proposed amended complaint identifying Doe No. 1 attached to the motion.

The court will grant the parties' joint request that the case be referred to ADR. Once the settlement conference is scheduled, at least seven days prior to the conference, the parties shall submit to the settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statements shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case. Defendants shall e-mail the settlement conference statement to the settlement judge's e-mail box for proposed orders, available on the court's website. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement conference judge, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

**IV. Summary of Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motion to add Doe No. 2 to this action (ECF No. 79) is DENIED WITH PREJUDICE; the court has denied further leave to amend to attempt to state a cognizable

claim against Doe No. 2.

2. Plaintiff's motions for an extension of time or a temporary stay (ECF Nos. 82, 83) are DENIED.

3. Plaintiff's motion for appointment of counsel (ECF No. 93) is DENIED.

4. Plaintiff's motion that the court accept the ninth amended complaint (ECF No. 92) is DENIED.

5. Defendant's motion to strike the ninth amended complaint (ECF No. 91) is GRANTED, and the Clerk of Court is directed to strike ECF No. 81 from the docket.

6. The parties' joint request for referral to ADR (ECF No. 91) is GRANTED.

   a. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

   b. Within forty-five days from the date of this order, defense counsel shall contact the assigned magistrate judge's courtroom deputy to schedule a settlement conference.

   c. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the settlement judge. Defendants shall e-mail the settlement conference statement to the settlement judge's proposed orders e-mail address. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

   d. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

   e. The parties remain obligated to keep the court informed of their current addresses at all times during the stay and while the action is pending. Any change of address

must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* L.R. 182(f).

Dated: August 20, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE